

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-14-2009

# Hill v. City of Philadelphia

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-3347

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Hill v. City of Philadelphia" (2009). *2009 Decisions.* Paper 1364.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1364

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 08-3347

_____

ERIC HILL; KATRINA HILL,
                                        Appellants

v.

THE CITY OF PHILADELPHIA; LEON KING, COMMISSIONER OF THE CITY OF
PHILADELPHIA PRISONS DEPARTMENT; LOUIS GIORLA; DARRYL
ANDERSON; SHARON HATCHER; ALL DEFENDANTS OTHER THAN THE CITY
OF PHILADELPHIA; MARVIN PORTER

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-05-cv-06574)
District Judge:  Honorable Lawrence F. Stengel

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 13, 2009

Before: BARRY, SMITH and GARTH , Circuit Judges

(Opinion filed: May 14, 2009)

_____

OPINION

_____

PER CURIAM

    Eric and Katrina Hill appeal, pro se, from an order of the district court granting

1

summary judgment in favor of Darryl Anderson, the City of Philadelphia, Louis Giorla, Sharon Hatcher, Leon King and Marvin Porter (collectively "appellees") in the Hills' civil suit alleging violations pursuant to 42 U.S.C. § 1983. For the reasons that follow, we will summarily affirm.

## I.

In September 1987, Hill began his career as a correctional officer in the City of Philadelphia Prisons System and in 1996 he became a union delegate.[1] In his role as a delegate, Hill filed two grievances against appellee Porter on behalf of Officer Denean Osborne who alleged that Porter sexually harassed her. On November 3, 2004, Donnie Moore, president of the local union, Hill, and Porter met regarding Osborne's allegations. At the conclusion of the meeting Porter requested that Hill remain to discuss another matter. Moore asked if it was necessary for him to remain as Hill's representative. Porter allegedly misrepresented the situation as one that would not be disciplinary in nature so Moore would leave the office. Porter, with union shop steward Peter Shaw present, began to question Hill about sexual misconduct and inappropriate behavior Hill allegedly engaged in with a female inmate. According to Hill, he did not have an opportunity to confer with, or request, union representation. Hill denied the allegations. Porter then requested that Hill write a memorandum regarding the misconduct but Hill, claiming that the allegations were false, refused to write the memorandum. Porter reported Hill to

---

[1] Inasmuch as Katrina Hill alleged only a derivative loss of consortium claim, when we refer to "appellant" or "Hill" we are referring to Eric Hill.

appellee Giorla who also asked him questions about the sexual misconduct. Giorla then requested that appellee King issue a formal reprimand to Hill for failure to obey a direct order.

Hill alleges that the investigation against him was not conducted according to procedures established by the Philadelphia Prisons System. Notwithstanding the required confidentiality of the proceedings, other employees learned of the investigation and Hill began receiving telephone calls at home concerning the accusations. The Prison Disciplinary Board eventually found that the charges of sexual misconduct were unsubstantiated.

Hill also alleges that, as a result of the grievance he filed on behalf of Osborne, he was denied promotions and was subject to a pattern of harassment and retaliation. One such incident took place on January 25, 2005, when, according to Hill, Porter and Giorla blocked Hill's car while another corrections officer issued a parking ticket. Hill took a vacation day in order to defend against the ticket, which was ultimately dismissed. Appellee Hatcher, however, changed his vacation day to an administrative leave day. Hill successfully filed a grievance in order to change the day back to a vacation day.

In the spring of 2005, Hill was again subject to disciplinary action. After speaking directly to appellee King in reference to the incidents of retaliation and a possible promotion, King imposed a two-step reduction in pay, a three-day suspension and removal from the prestigious Correctional Emergency Response Team. The disciplinary action was based on Hatcher's allegation that Hill, in contravention of prison regulations,

3

possessed a cell phone on prison property and that he had abandoned his post.

On December 15, 2005, Hill, represented by counsel, filed suit in the district court alleging violations of his right to free speech under the First Amendment and due process rights under the Fifth and Fourteenth Amendments. Hill also alleged state law claims of intentional infliction of emotional distress ("IIED") and defamation. Katrina Hill, Hill's wife, filed a claim alleging that, due to the alleged retaliatory actions of the appellees, she suffered a loss of consortium.

After the parties concluded discovery, appellees filed an unopposed motion for summary judgment which the district court granted. The district court signed a memorandum and order granting summary judgment on June 30, 2008, and on the next day, July 1, the district court clerk entered the memorandum and order on the docket. The July 1 memorandum contained an order of judgment in favor of defendants. On July 2, 2008, the district court, perhaps in order to ensure compliance with Fed. R. Civ. P. 58, issued the order of judgment again and on the same day the clerk docketed that order separately.[2] On August 1, 2008, appellants filed a pro se notice of appeal purporting to challenge the July 1 order. Appellees filed a motion to dismiss the appeal as untimely and a motion for summary affirmance.

II.

A party in a civil case is required to file a notice of appeal within thirty days of

_____

[2] Rule 58, with several exceptions which do not apply here, requires every judgment and amended judgment to be set forth in a separate document.

4

entry of judgment. 28 U.S.C. § 2107(a); Fed. R. App. P. 4(a).   Here, appellees argue that inasmuch as the appellants are attempting to challenge the July 1 order of judgment, their notice of appeal filed on August 1, thirty-one days after the entry of judgment, is untimely.  We disagree.

Under Rule 58, a judgment is not entered until the order of judgment is set out in a separate document.  Fed. R. Civ. P. 58(c)(2)(A).  An order is treated as a separate document if it: 1) is self-contained and separate from the opinion, 2) notes the relief granted, and 3) omits (or at least substantially omits) the trial court's reasons for disposing of the claims.  In re Cendant Corp. Sec. Litig., 454 F.3d 235, 241 (3d Cir. 2006).  The July 1 order satisfies the second and third criteria but falls short of the first. "To be independent of the court's opinion, an order must be separately titled and captioned, not paginated consecutively to the opinion and memorandum, not stapled or otherwise attached to the opinion, and must be docketed separately."  LeBoon v. Lancaster Jewish Cmty. Ctr. Ass'n, 503 F.3d 217, 224 (3d Cir. 2007) (citations omitted). The July 1 order of judgment was paginated consecutively to the opinion and was not separately docketed.  In contrast, the July 2 judgment order satisfies all three requirements and is in compliance with Rule 58.  Thus, the thirty-day time period for taking of an appeal started on July 2 and the appellants' notice of appeal, though it purported to challenge the July 1 order, was timely filed.  Accordingly, appellees' motion to dismiss for lack of jurisdiction is denied.

We have jurisdiction over the final order of the district court under 28 U.S.C.

5

§ 1291. We exercise plenary review over the district court's grant of summary judgment. Alaska Elec. Pension Fund v. Pharmacia Corp., 554 F.3d 342, 346 (3d Cir. 2009). On review, we apply the same standard as the district court. United States ex rel. Kosenske v. Carlisle HMA, Inc., 554 F.3d 88, 95 (3d Cir. 2009). Thus the district court properly granted summary judgment if "viewing the record in the light most favorable to the non-moving party and drawing all inferences in that party's favor, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." Id. (citations omitted).

## III.

We begin with the general principle that we do not review evidence or issues that a party did not first present to the district court. See Appalachian States Low-Level Radioactive Waste Comm'n v. Pena, 126 F.3d 193, 196 (3d Cir. 1997); see also Arnold M. Diamond, Inc., v. Gulf Coast Trailing Co., 180 F.3d 518, 524 n.6 (3d Cir. 1999) (holding that the appellant waived equitable subrogation argument on appeal because, "[a]lthough [appellant] claims that it made this argument in its brief opposing Gulf Coast's motion for summary judgment . . . our review of that brief convinces us that this argument was not fairly raised"); United States v. Genser, 582 F.2d 292, 311 (3d Cir. 1978) (evidence not presented to district court may not be considered by court of appeals). Here, aside from asserting ineffective assistance of counsel, appellant raises no legal arguments and, in the appendix, attempts to introduce evidence which was not

6

presented to the district court.[3]  We will not consider such evidence in rendering our decision.  After a thorough review of the record that is properly before us, and for substantially the reasons given by the district court, we determine that the district court properly granted summary judgment in favor of appellees.

First, we agree with the district court that official capacity suits cannot be maintained against state officers acting in their official capacity on behalf of the state.  See Hafer v. Melo, 502 U.S. 21, 27 (1991).  As to individual liability under § 1983, we agree that appellees did not participate in violating appellant's constitutional rights or direct others to violate, or know of and acquiesce in their subordinates violations of appellant's rights.  Baker v. Monroe Twp., 50 F.3d 1186, 1190-91 (3d Cir. 1995).  In that regard, appellant fails to demonstrate that his representation of Osborne is the type of speech which entitles him to First Amendment protection.  Specifically, appellant did not show that he was acting as a citizen in his union representation of Osborne or that the speech he engaged in during that representation was a matter of public concern.  See Garcetti v. Ceballos, 547 U.S. 410, 421 (2006) ("[W]hen public employees make statements pursuant to their official duties, the employees are not speaking as citizens for First Amendment purposes, and the Constitution does not insulate their communications from employer discipline."); see also  Fogarty v. Boles, 121 F.3d 886, 888 (3d Cir. 1997)

---

[3] In ordinary civil disputes, parties may not obtain relief from the ineffective assistance of counsel.  See Ponce-Leiva v. Ashcroft, 331 F.3d 369, 381 (3d Cir. 2003) (Rendell, J., dissenting).

(listing requirements public employee must meet to recover on a First Amendment retaliation claim).

Next, Hill argues that defendants deprived him of due process protections afforded under Miranda v. Arizona, 384 U.S. 436 (1966). We agree with the district court that Porter's "interrogation" of Hill did not qualify as an official interrogation in a custodial setting and therefore Miranda does not apply. See Alston v. Redman, 34 F.3d 1237, 1246 (3d Cir. 1994). Further, Hill could not recover on a claim that he was denied a right to union representation under National Labor Relations Board v. J. Weingarten, Inc., 420 U.S. 251 (1975).[4] The holding in Weingarten affirmed the NLRB's interpretation and enforcement of § 7 of the National Labor Relations Act (NLRA). Id. at 253. The City of Philadelphia, however, is a political subdivision exempt from the provisions of the NLRA. See 29 U.S.C. § 152(2); Felice v. Sever, 985 F.2d 1221, 1226-27 (3d Cir. 1993); Crilly v. Southeastern Pa. Transp. Auth., 529 F.2d 1355, 1358 (3d Cir. 1976).

Finally, we agree with the district court's disposition of appellant's derivative state law claims. The appellees' conduct in this instance does not rise to the level of extreme and outrageous conduct required to sustain an IIED claim. See Hoy v. Angelone, 720 A.2d 745, 754 (Pa. 1998) (in order to recover for IIED, defendant's conduct must be so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of

---

[4] In Weingarten, the Supreme Court upheld a decision of the National Labor Relations Board (NLRB) that an employer's denial of an employee's request for a union representative during an investigatory interview which the employee reasonably believed might result in disciplinary action constituted an unfair labor practice. 420 U.S. at 262.

decency, and to be regarded as atrocious, and utterly intolerable in a civilized society);

see also Cox v. Keystone Carbon Co., 861 F.2d 390, 395 (3d Cir. 1988) ("[I]t is extremely rare to find conduct in the employment context that will rise to the level of outrageousness necessary to provide a basis for recovery for [IIED].")  Further, the district court properly determined that an action for defamation could not survive summary judgment since Hill did not produce evidence that defamatory statements were communicated by individual defendants to others working in the prison system.  See 42 Pa. Cons. Stat. Ann. § 8343(a) (listing requirements for a defamation action).  The district court also properly dismissed appellant Katrina Hill's claim for loss of consortium inasmuch as her right to recover for loss of consortium derived only from her husband's ability to recover on his claims.  See Murray v. Commercial Union Ins. Co., 782 F.2d 432, 438 (3d Cir. 1986).

For the foregoing reasons, we will grant appellees' motion for summary affirmance and affirm the district court's order in its entirety.  Appellees' motion to be relieved from filing a brief is granted.